**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. JOHNSON, | No. 14-35089 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-06018-RJB |
| v. | |
| SARA Di VITTORIO, Assistant Attorney General; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Robert E. Johnson, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action arising out of his

prior federal and state court proceedings.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011) (statute of limitations); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (summary judgment and *Rooker-Feldman*).  We may affirm on any basis supported by the record.  *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).  We affirm.

Summary judgment on Johnson's claims against Judges Hicks and Penoyar was proper because these claims amount to a forbidden de facto appeal of a prior state court judgment.  *See Noel*, 341 F.3d at 1164 (explaining that a de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision").  Moreover, the district court properly granted summary judgment on Johnson's § 1983 claim against Assistant Attorney General Di Vittorio because it is inextricably intertwined with the de facto appeal.

Summary judgment on Johnson's fraud on the court claims against Assistant Attorneys General Di Vittorio and Stanhope was proper because he failed to raise a genuine dispute of material fact as to whether their alleged misrepresentations constituted a fraud on the court.  *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) ("[f]raud on the court requires a grave miscarriage of justice[;] "[n]on-disclosure or perjury by a party, or witness, does

not, by itself, amount to fraud on the court").

To the extent Johnson alleged a separate § 1983 claim against Stanhope, the district court properly granted summary judgment because the claim was time-barred. *See* Wash. Rev. Code § 4.16.080(2) (three-year statute of limitations for personal injury actions); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and apply federal law to determine accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action).

The district court did not abuse its discretion in denying Johnson's Fed. R. Civ. P. 56(f) motion because Johnson failed to show that the discovery he requested was essential to oppose summary judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

The district court did not abuse its discretion when it did not issue a Fed. R. Civ. P. 16(b) scheduling order because Johnson's action was exempt from this requirement under the local rules. *See* W.D. Wash. R. 16(b)(5) (exempting certain cases from Fed. R. Civ. P. 16 scheduling order requirements); *Bias v. Moynihan*,

508 F.3d 1212, 1223 (9th Cir. 2007) (standard of review).

We reject Johnson's arguments regarding his cross-motion for summary judgment, his request for judicial notice, and defendants' alleged waiver of certain arguments on appeal.

Defendants' request that this Court find Johnson's appeal frivolous and malicious, as set forth in their answering brief, is denied.

**AFFIRMED.**